Gerald E. Lenz, Plaintiff-Appellant,
v.
Nancy Willer, Defendant-Respondent.
No. 04-0446-FT.
Court of Appeals of Wisconsin.
Opinion Filed: June 23, 2004.
¶1 NETTESHEIM, J.[1]
On October 8, 2003, Gerald E. Lenz filed a small claims action against Nancy Willer for the return of a two-year-old golden retriever, Abby's Ruby in the Ruff a/k/a "Ruby." Willer's defense was that Lenz had gifted Ruby to her as a puppy in 2001 when Willer was being treated for cancer. After a trial on February 25, 2004, the circuit court ruled against Lenz, finding that Willer "exercised ownership rights over the dog and is hereby deemed to be the owner."
¶2 On appeal, Lenz argues that the circuit court erred in its determination that Willer is Ruby's owner. Lenz contends that the circuit court's decision was based solely on Willer's "self-serving, uncorroborated evidence and therefore the court's findings are clearly erroneous. In addition, Lenz argues that the court misapplied the law relating to gifts. We disagree with Lenz and affirm the order dismissing his claim.
¶3 The facts relevant to the appeal will be set forth below as they pertain to Lenz's challenges.
¶4 The supreme court has on several occasions stated the elements which must be proved to establish an inter vivos gift; they are: (1) intention to give on the part of the donor; (2) delivery, actual or constructive, to the donee; (3) termination of the donor's dominion over the subject of the gift; and (4) dominion in the donee. Schreiber v. Kellogg-Citizens Nat'l Bank, 68 Wis. 2d 135, 145, 227 N.W.2d 917 (1975).
¶5 On appeal, Lenz challenges the sufficiency of the evidence to support the circuit court's finding that he had gifted Ruby to Willer. WIS. STAT. § 805.17(2) instructs that we are not to set aside a trial court's finding of fact unless the findings are clearly erroneous. The statute further instructs that we must give "due regard" to the trial court's superior ability to judge the credibility of the witnesses. Id. See also Kleinstick v. Daleiden, 71 Wis. 2d 432, 442, 238 N.W.2d 714 (1976) ("It is well settled that the weight of the testimony and the credibility of the witnesses are matters peculiarly within the province of the trial court acting as the trier of fact. The reason for such deference is the superior opportunity of the trial court to observe the demeanor of witnesses and to gauge the persuasiveness of their testimony."). However, whether the court applied a correct legal standard presents a question of law subject to independent review. Kerkvliet v. Kerkvliet, 166 Wis. 2d 930, 939, 480 N.W.2d 823 (Ct. App. 1992).
¶6 After reviewing this appeal, we conclude that Lenz, in essence, is seeking to relitigate the trial of this matter on appeal. On a related theme, we conclude that Lenz is seeking to have us substitute our judgment regarding the credibility of the witnesses for that of the trial court. This effort flies in the face of the deference we are required to give to a trial court's factual and credibility determinations under WIS. STAT. § 805.17(2) and the case law:
It is the function of the trier of fact, and not this court, to resolve questions as to the weight of testimony and the credibility of witnesses. This principle recognizes the trial court's ability to assess each witness's demeanor and the overall persuasiveness of his or her testimony in a way that an appellate court, relying solely on a written transcript, cannot. Thus, we consider the trial judge to be the "ultimate arbiter of the credibility of a witness," and will uphold a trial court's determination of credibility unless that determination goes against the great weight and clear preponderance of the evidence.
State v. Hughes, 2000 WI 24, ¶2 n.1, 233 Wis. 2d 280, 607 N.W.2d 621 (citations omitted).
¶7 Here, the circuit court began its oral decision by noting, "There has been significant conflict in testimony here." The court went on to find that Lenz was Ruby's original owner. However, it also found that the actions of the parties were more indicative of Lenz gifting Ruby to Willer.
¶8 With respect to Lenz, the trial court found that if Lenz had not truly intended to give Ruby to Willer, he would have exerted stronger ownership rights to Ruby much earlier than he had. In addition, the court noted that Lenz had not provided veterinary care to Ruby or registered the dog for licensing before transferring possession of it to Willer. As to Willer, the court found that she had provided veterinary care for Ruby and had also licensed the dog in her daughter's name. In summary, the court concluded that Willer's conduct vis-a-vis Ruby was more consistent with ownership than that of Lenz. In addition, the court noted the testimony from Willer's daughter that Ruby in fact was given to Willer.
¶9 Lenz argues that his documentary evidence supported his claim that he did not gift Ruby to Willer. This evidence includes an AKC registration, a "bill of sale" for Ruby from his daughter to him indicating that he was the original owner of the dog, and a calendar purporting to reflect periods of time during which Ruby was in his possession. However, the trial court expressly stated that this documentary evidence did not aid the court in its decision for the following reasons: (1) Lenz obtained the AKC registration after he commenced the present action, (2) Lenz's daughter was not present to testify as to the bill of sale, and (3) the markings on Lenz's calendar appeared to have been made in the same pen over a year period.
¶10 Having found no assistance from Lenz' documentary evidence, the trial court was left with the sharply differing versions of Lenz and Willer. To assist in resolving this dispute, the court looked to the surrounding circumstances and the actions of each party vis-a-vis Ruby which might offer indicia of ownership. We have noted this evidence above and explained why the trial court concluded that it supported Willer's claim of ownership. As noted, the trial court is in the best position to judge the credibility of the witnesses and the weight of the evidence. We uphold the trial court's findings of fact as not clearly erroneous. We further hold that those findings support the court's legal conclusion that Lenz gifted Ruby to Willer. We therefore affirm the order.
By the Court.Order affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2001-02). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.